John E. HOTH and John E. Hoth as next friend of Robyn K. Hoth, Appellants,

v.

CLAYTON COUNTY, Iowa and Lloyd Amundson, Appellees.

No. 61039.

Supreme Court of Iowa.

Aug. 30, 1978.

R. L. Donohue, of Donohue Law Office, P.C., West Union, for appellants.

H. F. Reynolds of Reynolds, Kenline, Breitbach, McCarthy, Clemens & McKay, Dubuque, for appellees.

HARRIS, Justice.

This is an action for personal injuries resulting from a car-truck collision. Plaintiff was a passenger in a car which collided with a county maintenance truck and appeals from an adverse jury verdict. Her assignments of error challenge the trial court's jury instructions. Because of error in the sudden emergency instruction, we reverse the trial court and remand the case for a new trial.

The action was brought by John E. Hoth, as father and next friend of Robyn Hoth. We shall refer to Robyn as the plaintiff. Robyn, a high school student, was injured February 26, 1975, at a county road intersection after a winter storm had forced the closing of schools in Clayton County. At the time of the accident roads remained open and it was bright and sunny.

The car in which Robyn was riding headed south on Iowa Highway 52 and approached an intersection with a county gravel road. Drifting snow caused zero visibility. The car was traveling between 30 and 35 miles per hour with its lights on. A county snowplow, operated by defendant Lloyd Amundson, was pushing snow off the intersection. At the point of impact the snowplow was upon the traveled portion of highway 52 and the snow was being pushed from the gravel portion of the intersection.

Those in the car saw the snowplow when it was about one car length away but the driver was unable to stop before impact.

Defendant Amundson was employed by Clayton County. One of his duties was to operate a snowplow during the winter. He testified he was heading south on highway 52 and crossed the center line to begin to plow the gravel road. He testified he made proper signals and denied he backed up the plow. He did not see the car prior to impact.

I. A provision of our motor vehicle code provides, with certain exceptions not involved in this case, that the requirements of the motor vehicle chapter shall not apply to maintenance equipment and its operators. § 321.233, The Code. The trial court instructed the jury that this provision applied to Amundson as a matter of law. Plaintiff cites this ruling as her first assignment of error. She claims a jury question was generated on the question of whether the statutory rules of the road applied. According to § 321.233 the snowplow would be exempt only "while actually engaged in work upon the surface of a highway . . . but . . . not . . . when traveling to or from work." Robyn's challenge to the section is twofold. First she argues Amundson may have been returning from work because he had been instructed to return about two hours earlier. Alternatively Robyn suggests Amundson was cleaning the gravel road solely for the convenience of a farmer as a private favor. Thus she argues he was not "engaged in work" within the meaning of § 321.233.

The testimony that Amundson had been called in from work does not mean he was returning from work. It was standard procedure in Clayton County for employees engaged in road clearing, when called in, to operate their snowplows on the return trip.

■ There was evidence that a farmer requested Amundson to clean the intersection in question but this request could not render Amundson's work private rather than public. Without question Amundson was engaged in snowplowing. Snow was being removed from a gravel road intersection abutting highway 52. Cleaning gravel intersections of snow was Amundson's responsibility in connection with his work. There was testimony Amundson had cleared the same intersection earlier the same day.

The trial court did not err in instructing the jury that as a matter of law the statutory rules of the road did not apply to Robyn's claim but that Amundson had a duty to exercise ordinary care at all times.

II. By instruction 15 the jury was informed of the doctrine of sudden emergency:

"In determining whether a person was negligent, you are advised that when one is confronted with a sudden peril, not brought about by one's own fault, and because thereof is required to act upon the impulse of the moment without sufficient time to determine with certainty the best course to pursue, such person is not held to the same accuracy of judgment as would be required if there were sufficient time for deliberation. Under such circumstances one is required to act only as an ordinarily prudent person would act when suddenly placed in a similar position."

Robyn claims there was error in this instruction because the doctrine was applied to both drivers. She argues the doctrine should have been applied only to her driver and not to Amundson.

In her exceptions to the instructions Robyn pointed out her belief that there were no facts which would make the doctrine apply to the conduct of Amundson. This is the basis of her final assignment of error. We believe there is merit in the assignment.

■ Amundson testified he did not see the car prior to collision and was not aware of its presence until impact. Nevertheless it is urged he was confronted with a sudden emergency because he faced the same blizzard conditions which obscured the view of Robyn's driver. We think however Amundson was not confronted with a sudden emergency.

In *Schmitt v. Jenkins Truck Lines, Inc.*, 170 N.W.2d 632, 644 (Iowa 1969) we quoted our approved definition of the doctrine:

"An emergency has been variously defined as (1) an unforeseen combination of circumstances which calls for immediate action; (2) a perplexing contingency or complication of circumstances; (3) a sudden or unexpected occasion for action; exigency; pressing necessity. . . ."

■ In *Schmitt* we pointed out that the doctrine, where appropriate under the facts, might be invoked to determine whether a party was exercising reasonable care notwithstanding some statutory violation. 170 N.W.2d at 644.

The record in this case suggests only two sources for application of the doctrine to Amundson: the approaching car and the blowing snow. But Amundson was not confronted with the approaching car because he was unaware of it. And the blowing snow was not sudden because Amundson had been contending with it all afternoon.

■ An awareness of the danger is required for application of the doctrine. See 80 A.L.R.2d 13, 18–19. There was no evidence of any such awareness by Amundson. The instruction was wrong in allowing application of the doctrine to him.

III. Other claims relate to matters not preserved for review or not likely to recur on retrial.

Because of the trial court's failure to limit the sudden emergency instruction as requested, the judgment must be and is hereby reversed and the case remanded for a new trial.

REVERSED AND REMANDED.

All Justices concur, except ALLBEE and McGIVERIN, JJ., who take no part.